## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDWARD K. BOWIE,                          Case No.  21-10098

     Plaintiff,                          HON.

v

OAKLAND COMMUNITY COLLEGE,

     Defendant.

_____/

| | |
|---|---|
| VINSON F. CARTER (P-72659) | PATRICK R. STURDY (P 57466) |
| 2387 S. Linden Road, Suite 113 | JOEL B. ASHTON (P 47039) |
| Flint, MI 48532 | CUMMINGS, MCCLOREY, DAVIS& ACHO |
| (810) 496-1025 | 17436 College Parkway |
| Attorney for Plaintiff | Livonia, MI 48152 |
| | (734) 261-2400 |
| | psturdy@cmda-law.com |
| | jashton@cmda-law.com |
| | Attorneys for Defendant |

_____/

## NOTICE OF REMOVAL

TO:   Clerk of the Court
      U.S. District Court
      Theodore Levin U.S. Courthouse
      231 W. Lafayette Blvd.
      Detroit, MI  48226

      Clerk of the Court
      Oakland County Circuit Court
      1200 N. Telegraph Rd
      Pontiac, MI 48340

Vinson F. Carter (P72659)
2387 S. Linden Road, Suite 113
Flint, MI 48532

**PLEASE TAKE NOTICE** that Defendant, Oakland Community College, has hereby removed the above-entitled cause of action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to the provisions of 28 U.S.C. §1446 *et. seq*. In support of its removal of the above-entitled cause of action, Defendant respectfully represents the following information:

1.      On December 22, 2020, Plaintiff Edward K. Bowie paid his filing fee for the transfer of Complaint to the Oakland County Circuit Court, which was designated Case No. 20-185352-CD and is now pending in that court. (**Exhibit A**, Complaint). Further, the Plaintiff's Complaint was predicated upon 42 U.S.C. § 1983 alleging that Defendant Wayne County Community College and its employees violated Civil rights as set forth in the U.S. Constitution under Title VII of the Civil Rights Act of 1964, as amended, and also seeking equitable and other relief under 42 U.S.C. 2000e-5; and also filed charges with the Equal Opportunity Commission of the United States regarding alleged discriminatory conduct.

2.      The Defendant, Oakland Community College, was initially served with a copy of the attached Summons and Complaint which was filed in the Genesee County Circuit Court but transferred to the Oakland County Circuit Court

01256156-1

due to improper venue with the filing fee being paid in the Oakland County Circuit Court on December 22, 2020.

3.      Pursuant to the allegations of paragraph 2 of Plaintiff's Complaint, Edward K. Bowie is a Michigan resident of Genesee County, Michigan.

4.      Pursuant to the allegations of paragraphs 4 and 18 of Plaintiff's Complaint, Oakland Community College is a community college doing business in Oakland County, Michigan.

5.      That the above-entitled action is a civil action wherein the Plaintiff is claiming a violation of his U.S. Constitutional rights under 42 U.S.C. §2000e-5.

6.      That this Court has original jurisdiction of the above-entitled cause pursuant to 28 U.S.C. §1331 and this action may therefore be removed to this Court pursuant to 28 U.S.C. §1441, et. seq.

7.      This Notice is being filed with this Court within thirty (30) days of the Plaintiff Edward K. Bowie paying his filing fee for the transfer of Complaint to the Oakland County Circuit Court in the above-entitled action.

8.      Written Notice of Filing this Petition of Removal and Notice of Removal has been sent to all parties.

9.      A copy of the Notice of Removal has been filed with the Clerk of the Court for the Circuit Court for the County of Oakland, State of Michigan.

01256156-1

**WHEREFORE**, Defendant Oakland Community College prays that this Honorable Court grant this Petition for Removal.

Respectfully submitted,

/s/ *Joel B. Ashton*
Patrick R. Sturdy (P 57466)
Joel B. Ashton (47039)
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI  48152
Phone: (734) 261-2400
Primary E-mail: jashton@cmda-law.com

Dated: January 13, 2021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 14, 2021, she caused the foregoing document to be filed with the Court's electronic court filing system, and she will personally serve attorney, Vinson Carter, via U.S. Mail at:

Vinson F. Carter (P72659)
2387 S. Linden Road, Suite 113
Flint, MI 48532.

/s/    *Deborah L. Van Steenis*
Deborah L. Van Steenis

01256156-1

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDWARD K. BOWIE,                           Case No.  21-10098

     Plaintiff,                           HON.

v

OAKLAND COMMUNITY COLLEGE,

     Defendant.

_____/

| | |
|---|---|
| VINSON F. CARTER (P72659) | PATRICK R. STURDY (P 57466) |
| 2387 S. Linden Road, Suite 113 | JOEL B. ASHTON (P 47039) |
| Flint, MI 48532 | CUMMINGS, MCCLOREY, DAVIS& ACHO |
| (810) 496-1025 | 17436 College Parkway |
| Attorney for Plaintiff | Livonia, MI 48152 |
| | (734) 261-2400 |
| | psturdy@cmda-law.com |
| | jashton@cmda-law.com |
| | Attorneys for Defendant |

_____/

## PETITION FOR REMOVAL

**NOW COMES** the Defendant, Oakland Community College, by and through its attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C, and hereby petitions this Court pursuant to Title 28 U.S.C. §1441 for removal of the above-entitled cause to the United States District Court for the Eastern District of Michigan, Southern Division, for the following reasons: On December 22, 2020,

01256156-1

Plaintiff Edward K. Bowie paid his filing fee for the transfer of his Complaint to the Oakland County Circuit Court, which was designated Case No. 20-185352-CD and is now pending in that Court. (**Exhibit A**, Complaint). Further, the Plaintiff's Complaint was predicated, in part, upon 42 U.S.C. § 2000e-5 alleging that Defendant Oakland Community College and its employees violated Civil rights as set forth in the U.S. Constitution under Title VII of the Civil Rights Act of 1964, as amended, and also seeking equitable and other relief under 42 U.S.C. 2000e-5; alleged pendant State law claims un the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et. seq. and the common law of the State of Michigan; and filed charges with the Equal Opportunity Commission of the United States regarding alleged discriminatory conduct.

1.    The Defendant, Oakland Community College, was initially served with a copy of the attached Summons and Complaint which was filed in the Genesee County Circuit Court but transferred to the Oakland County Circuit Court due to improper venue with the filing fee being paid in the Oakland County Circuit Court on December 22, 2020.

2.    Pursuant to the allegations of paragraph 2 of Plaintiff's Complaint, Edward K. Bowie is a Michigan resident of Genesee County, Michigan.

3.    Pursuant to the allegations of paragraphs 4 and 18 of Plaintiff's Complaint, Oakland Community College is a community college doing business in

01256156-1

Oakland County, Michigan.

4.      That the above-entitled action is a civil action wherein the Plaintiff is claiming a violation of his U.S. Constitutional rights under 42 U.S.C. §2000e-5.

5.      That this Court has original jurisdiction of the above-entitled cause pursuant to 28 U.S.C. §1331 and this action may therefore be removed to this Court pursuant to 28 U.S.C. §1441, et. seq.

6.      This Notice is being filed with this Court within thirty (30) days of the Plaintiff Edward K. Bowie paying his filing fee for the transfer of Complaint to the Oakland County Circuit Court in the above-entitled action.

7.      Written Notice of Filing this Petition of Removal and Notice of Removal has been sent to all parties.

A copy of the Notice of Removal has been filed with the Clerk of the Court for the Circuit Court for the County of Oakland, State of Michigan

**WHEREFORE**, Defendant respectfully requests that it may effect removal of the within action from the Circuit Court for the County of Oakland, State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division.

01256156-1

3

Respectfully submitted,

/s/ *Joel B. Ashton*
Patrick R Sturdy (P 57466)
Joel B. Ashton (P 47039)
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI  48152
Phone: (734) 261-2400
Primary E-mail: jashton@cmda-law.com

Dated:  January 13, 2021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2021, she caused the foregoing document to be filed with the Court's electronic court filing system, and she will personally serve attorney, Vinson Carter, via U.S. Mail at:

Vinson F. Carter (P72659)
2387 S. Linden Road, Suite 113
Flint, MI 48532.

/s/     *Deborah L. Van Steenis*
Deborah L. Van Steenis

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| 7th | JUDICIAL DISTRICT | | |
| | JUDICIAL CIRCUIT | **SUMMONS** | |
| | COUNTY PROBATE | | 20 - 1 1 4 6 6 2 |

Court address
900 S. SAGINAW ST., FLINT, MI 48502

MARK W. LATCHANA
P-57002

Court telephone no.
810 257 3220

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| EDWARD K. BOWIE | v | OAKLAND COMMUNITY COLLEGE<br>2480 OPDYKE RD<br>BLOOMFIELD HILLS MI 48304<br>248 341 2000 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>VINSON F. CARTER P-72659<br>2387 S. LINDEN RD., #112<br>FLINT MI 48532<br>810 496 1025 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>SEP - 2 2020 | Expiration date*<br>DEC - 2 2020 | Court clerk | |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                         MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE 7th JUDICIAL CIRCUIT FOR THE COUNTY OF GENESEE**

EDWARD K. BOWIE,

Plaintiff

20 - 114662



CASE NO:

JUDGE:

vs

MARK W. LATCHANA
P-57002

OAKLAND COMMUNITY COLLEGE,

Defendants

VINSON F. CARTER P-72659
Attorney for Plaintiff
2387 S. Linden Rd., #112
Flint, MI 48532
810 496 1025

**COMPLAINT UNDER TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964**

**JURISDICTION AND PARTIES**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C 2000e-5. Equitable and other relief are also sought under 42 U.S.S 2000e-5(g)

2. Plaintiff resides at 6032 Baroque Court, Grand Blanc, MI 48439.

3. Defendant is a business located at 2480 Opdyke Road, Bloomfield Hills, MI 48304.

4. The discriminatory conduct occurred in connection with Plaintiff's employment at Defendant's Auburn Hills Campus in Oakland County, Michigan.

5. The alleged discriminatory acts occurred since January 14th, 2019.

6. The alleged discriminatory practice is continuing.

7. Plaintiff filed charges with the Equal Opportunity Commission of the United States regarding Defendant's alleged discriminatory conduct.

8. The Equal Opportunity Commission issued the attached Notice of Right to Sue letters.

9. The alleged discriminatory acts in this suit concern:

    A.  Failure to promote Plaintiff;

    B.  Treating Plaintiff differently in the performance of his duties.

10. Defendant's conduct is discriminatory with respect to Plaintiff's race and Plaintiff's color.

11. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of Plaintiff's claim.

12. If relief is not granted, Plaintiff will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended.

13. Plaintiff has no adequate remedy at law to redress the wrongs described above.

14. The amount in controversy exceeds the $25,000, exclusive of interest, costs, and attorney fees.

Therefore, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney fees.

### PENDANT STATE LAW COMPLAINT

### Jurisdiction and Parties

15. Plaintiff incorporates, by reference, Paragraphs 1 through 14.

16. This is an action for racial discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., MSA 3.548(101), et seq., and the common law of the State of Michigan.

17. Plaintiff was born on April 5, 1970, and is a resident of Genesee County, Michigan.

18. Defendant is a county community college entity doing business as Oakland Community College in Oakland County, Michigan.

19. The events giving rise to this cause of action occurred in Oakland County, Michigan.

20. The amount in controversy exceeds $25,000, exclusive of interest, costs and attorney fees.

### Background Facts

21. Plaintiff incorporates, by reference, Paragraphs 1 through 19.

22. Plaintiff began his employment with Defendant on May 25, 1998, as a building custodian.

23. Over the years of his employment with Defendant, Plaintiff served in this capacity.

### Count I

24. Plaintiff incorporates, by reference, Paragraphs 1 through 22.

25. On or about December 18, 2018 Plaintiff filed a complaint with immediate supervisor for harassment with no action taken.

26. On or about January 14th, 2019 Plaintiff filed his first request to Local 1999 President to file grievance for harassment and disparate treatment.

27. On or about January 22nd, 2019 Plaintiff filed his second request to Local 1999 President to file grievance for harassment and disparate treatment.

28. On or about September 24th, 2019 Plaintiff filed his first request to Local 1999 President to file grievance for harassment and disparate treatment for a different worker.

29. During his employment with Defendant, Plaintiff received a number of compliments and performance-based bonuses.

30. Plaintiff's work performance over the years of service was always satisfactory or above.

31. Plaintiff has the most experience and is the most qualified.

32. After compiling records of disparate treatment, Plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging different terms and conditions of employment because of his race,

33. When he was not promoted, Plaintiff was the only African-American building custodian.

34. No White employees, who worked as building custodians, were disciplined as Plaintiff and were given more opportunities, duties and responsibilities than Plaintiff.

## Count II

35. Plaintiff Incorporates, by reference, Paragraphs 1 through 34.

36. At all material times, Plaintiff was an employee and Defendant was his employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., MSA 3.548(101), et seq.

37. Plaintiff's race was at least one factor that made a difference in Defendant's decision not promote Plaintiff from his position as building custodian.

38. Had Plaintiff been White, he would have been promoted.

39. Defendant, through its agents, representatives and employees was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

40. Defendant, through its agents, representatives and employees, treated Plaintiff differently from similarly situated White employees in the terms and conditions of employment, based on unlawful consideration of race.

41. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

42. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; loss of reputation and esteem in the community and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

THEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. Compensatory damages in whatever amount above $25,000 if he is found to be entitled.

B. Exemplary damages in whatever amount above $25,000 if he is found to be entitled.

C. An award of lost wages and the value of fringe benefits, past and future.

D. An award of interest, costs and reasonable attorney fees.

E. An order enjoining Defendant, its agents, representative and employees from further acts of discrimination or retaliation.

F. An order reinstating Plaintiff to the position he would have held if Defendant had not discriminated.

G. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

### Count III

43. Plaintiff incorporates, by reference, Paragraphs 1 through 42.

44. As an employee, Plaintiff was instructed by Defendant, management of Defendant's company, in statements to Plaintiff and to other employees of Defendant that it was Defendant's policy the qualifications for the promotion and using those factors the Plaintiff earned the position.

45. Plaintiff relied upon these policies, statements and representations of Defendant through its agents, servants or employees. As a result, there was, by express words, implications or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to promote the Plaintiff.

46. As a result of Defendant's treatment of Plaintiff's employment, Defendant has breached the contract described above.

47. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings and earning capacity' loss of career opportunities; humiliation and embarrassment; mental and emotional distress; loss of

reputation and esteem in the community and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

THEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A.  Compensatory damages in whatever amount above $25,000 if he is found to be entitled.

B.  Exemplary damages in whatever amount above $25,000 if he is found to be entitled.

C.  An award of lost wages and the value of fringe benefits, past and future.

D.  An award of interest, costs and reasonable attorney fees.

E.  An order enjoining Defendant, its agents, representatives and employees from further acts of discrimination or retaliation.

F.  An order reinstating Plaintiff to the position he would have held if Defendant had not discriminated

G.  An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

I declare, under penalty of perjury, that the foregoing is true to the best of my knowledge, information and belief.

Dated: 8-18-2020

Edward K. Bowie   w/permission
EDWARD K. BOWIE

Respectfully submitted,

Vinson Carter
VINSON F. CARTER P-72659
Attorney for Plaintiff
2387 S. Linden Rd., #112
Flint, MI 48532
810 496 1025

Page 5 of 5